IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BRIEANNA KRISTEN GUNSAY, et al.,**       :

   **Plaintiffs**                             :

   vs.                                       :           Case No.: JFM-14-1347

**B. ROBERT MOZAYENI, M.D. et al.,**       :

   **Defendants**                            :

**DEFENDANT MOZAYENI'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, LACK OF SUBJECT MATTER JURISDICTION AND FOR SUMMARY JUDGMENT**

**I. Introduction**

The Amended Complaint in this matter is the latest of at least five attempts by Kristen and Brieanne Gunsay to impose liability on Dr. B. Robert Mozayeni for a fanciful and non-existent set of conclusions and speculations culminating in the events which supposed occurred in April, 2011. All other attempts to impose liability based on Plaintiffs' speculations have failed. Plaintiffs' seek retribution stemming from a hotly contested divorce and custody proceeding approximately fifteen years ago in which different courts, in different countries, issued different rulings without all the parties being present. The underlying facts of the ancient custody dispute notwithstanding, Brieanna Gunsay had been secreted from her father for well over a decade. The last contact took place on April 19, 2011, and forms the basis of the Amended Complaint. Many other claims, against other defendants, have been litigated, withdrawn, or dismissed in a variety of jurisdictions.

1

Dr. Mozayeni has dealt with the allegations surrounding April 19, 2011 in the Circuit Court for Montgomery County, Case No.: 362108-V (hereinafter "Montgomery County Litigation"). After rounds of motions filed in the Montgomery County Litigation, Plaintiffs were allowed to file a Second Amended Complaint. See Exhibit 1. On March 21, 2013, those claims, which were identical to those stated in this matter were dismissed. See Exhibit 2. The claims asserted in the instant matter arise out of the same operative facts and are identical to those asserted in the Montgomery County Litigation.

The Montgomery County Litigation notwithstanding, the three counts against Dr. Mozayeni (Count II-Conspiracy, Count IV-Intentional Infliction of Emotional Distress, Count VI-Violation of Privacy) each fail to state a claim upon which relief can be granted. To the extent that any claim against any other defendant may relate to those against Dr. Mozayeni, and fail for reasons set forth in the other defendant's motions to dismiss, but are not argued in this Motion, Dr. Mozayeni hereby incorporates such arguments.

## II.  Standard of Review

Dr. Mozayeni agrees with the legal standard set forth in the memoranda filed by other defendants in this matter. In order to survive a Motion to Dismiss pursuant to Rule 12 (b) (6) a complaint must do more than merely allege that the Plaintiff is entitled to relief. That the Plaintiff must "show" that he/she is entitled to the relief request. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although a reviewing court takes all factual allegations in the complaint as true, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *See Bell Atl. v. Twombly*, 550 U.S. 544, 555, 127, S. Ct. 155, 167 L.Ed.2d 929 (2007)(cited in *Iqbal* at 679). Only a Complaint that states a plausible

claim for relief survives a Motion to Dismiss. *Twombly*, 550 U.S. at 556. When analyzing whether a Complaint states a plausible cause for relief, a reviewing court must draw on its judicial experience and common sense in the context specific task. *Iqbal*, 556 U.S. at 679.

In accessing the merits of the Motion to Dismiss, the court must take all the well pled factual assertions (not conclusions) as true and construe them in the light most favorable to the Plaintiff. *See Ibarra v. United States*, 120 F. 3d 472, 474 (4th Cir.) (parenthesis added in accordance with *Twombly, infra*.) If, after viewing the complaint in this light, the court cannot infer more than "the mere possibility of misconduct" the motion should be granted and the complaint dismissed. *See Benisek v. Mack*,---F. Supp. 2d---, 2014 WG1379098 (citing *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937).

### III.  Lack of Subject Matter Jurisdiction

As previously discussed, these identical claims have been brought by Plaintiffs in several other forums.  Most notably, the Circuit Court for Montgomery County has dismissed these identical claims.  The claims were dismissed due to a lack of subject matter jurisdiction based on Plaintiffs' failure to comply with Maryland Annotated Code, Courts and Judicial Proceedings, Section 3-2A-01 et. seq. (Health Claims Arbitration).  That matter was fully brief and argued as set forth in Exhibit 3.  That order was never appealed and stands.  The ruling in the Montgomery County Litigation precludes Plaintiffs from proceeding in this case because of the judicially determined lack of jurisdiction.

On March 21, 2013 the Circuit Court for Montgomery analyzed the Second Amended Complaint in the Montgomery County Litigation, which set forth the identical operative facts and the same claims as the Amended Complaint herein.   The Court ruled that all of the claims

against Dr. Mozayeni, arising out of the same operative facts, were required to through mandatory arbitration pursuant to Maryland law. See Exhibit 2.  That ruling related to allegations of Intentional Infliction of Emotional Distress, Invasion of Privacy, and Civil Conspiracy, just as the Amended Complaint in this matter does.   In fact, Plaintiff, Brienna Gunsay, has filed a claim in the Health Claims Arbitration arena, pursuant to the Montgomery County Order.  That petition asserts claims for Intentional Infliction of Emotional Distress, Invasion of Privacy and other negligence claims based on the same operative facts. See Exhibit 4.

      The ruling of the Circuit Court of Maryland relating to jurisdiction applies with as much force in this Court as it did, or would, in State court.  "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).  The judgment of the Circuit Court for Montgomery County was a final judgment on the issue of jurisdiction.  The Montgomery County Litigation was dismissed.  Plaintiffs now seek to do an "end run" around the Maryland judgment. Maryland law, through the doctrine of Collateral Estoppel, would preclude Plaintiffs from proceeding with the Amended Complaint, because they still not met the mandatory jurisdictional requirements.  *See Crane, Inc. v. Puller*, 169 Md.App. 1, 899 A.2d 879 (2006) (citations omitted) (setting out definition of collateral estoppel in Maryland law).

      The ruling in the Montgomery County Litigation is controlling on the issue of jurisdiction, and for that reason the Amended Complaint must be dismissed.

**IV.  Failure to State a Claim**

The Montgomery County Litigation notwithstanding, each count alleged against Dr. Mozayeni fails to state a claim for which relief can be granted.

    A.  Count II - Conspiracy

Count II of the Amended Complaint is styled as a violation of 42 U.S.C. Section 1985 – Conspiracy.  As pled, Count II fails to state a claim for which relief can be granted.

In order to state a claim under 42 U.S. Section 1985, Plaintiff must state the following; 1) a conspiracy of two or more person, 2) who are motivated by a specific class-based invidiously discriminatory animus to, 3) deprived the Plaintiff of the equal enjoyment of rights, secured to by the law to all, 4) and which results in injury to the plaintiff as 5) as a consequence of an overt act committed by the Defendants in connection to the conspiracy. *See Society Without a Name v. Virginia*, 655 F.3d. 342 (2011) (citing *Simmons v. Poe*, 47 F. 3d 1370, 1376 (4th Cir. 1995)). *See also, Davila v. Secure Pharmacy Plus*, 329 F.Supp.2d 311 (2004) (citing *Thomas v. Roach*, 165 F.3d 137(2d Cir. 1999).  The Amended Complaints fails in several regards.

The Amended Complaint most obviously fails in that Plaintiffs fail to assert that any allege conspiracy was "motivated by a specific class- based, invidiously discriminatory animus." *Soc'y Without a Name, supra. See also, Clear Sky Car Wash LLC, v. City of Chesapeake, VA.*, 910 F. Supp. 2d 861 (2012); *Mathis v. McDonough*, (memorandum opinion) 2014 WL3894133 (Md. 2014). Section 1985 actions **may not** be construed as a general federal tort.  It does not provide for a cause of action based on some alleged denial of due process or other constitutional right.  *See Griffin v. Breckenridge*, 403 U.S. 88, 101-02, 91 S.Ct. 1790, 29, L.Ed.2d 338 (1971) (cited in *Davila*, 329 F.Supp.2d 311 (2004)). The claim is a specific one, focused on class-based animus.  Without such an assertion, supported by specific facts, Count II fails.

Count II of the Amended Complaint also fails in that Plaintiffs do not, and cannot, assert that there was a meeting of the minds or agreement by Defendants to violate Plaintiffs' constitutional rights.  *See Soc'y Without a Name*, 655 F.3d at 346 (citing *Simmons*, 47 F.3d at 1377).  The Fourth Circuit has expressly held that a plaintiff alleging a Section 1985 conspiracy is required to "**show an agreement or a meeting of the minds by the defendants to violate the plaintiff's constitutional rights**."  There must be concrete factual allegations to support the meeting of the minds of the defendants for this improper purpose.   Allegations of parallel conduct and a bare assertion of a conspiracy will not survive a motion to dismiss.  *See, Clear Sky Car Wash LLC*, 910 F.Supp.2d. at 889 (emphasis added)(citations omitted) (summarizing specific requirements to allege Section 1985 conspiracy claim).  The Amended Complaint alleges acts done, but, at best, only speculates as to a common purpose or agreement to violate Plaintiffs' constitutional rights.

At best Count II attempts to illustrate conduct byDefendants without alleging a meeting of the minds for any particular purpose.  By way of example only, the Amended Complaint is completely lacking any allegation that there was an agreement between Dr. Mozyeni and any defendant that any defendant would be taking any future action after his alleged disclosure.  After reviewing Count II, one is left to wonder what facts support the idea that Dr. Mozayeni had reason to believe that any other defendants had any plans to do anything.  There is no allegation that any defendant, including Dr. Mozayeni, had any agreement to take any act relative to either Plaintiff.  Even assuming that defendants took the actions alleged in the Amended Complaint, there is no specifically alleged fact illustrating any agreement for such action.  In fact, the actions alleged demonstrate an independence of action by defendants.  Additionally, there is no allegation in the Amended Complaint that the alleged overt acts were done in furtherance of the

specific conspiracy. Rather, Plaintiffs' presentation in analogous to a cake doughnut. Count II asserts all types of allegations (which are not true) to go around a necessary core fact (a class-based discriminatory agreement to deprive Plaintiffs of some constitutional protection). Like the doughnut, the core is empty.

### B.  Count IV - Intentional Infliction of Emotional Distress

Count IV alleges Intentional Infliction of Emotional Distress.  The claims is based on Maryland law and requires; 1) conduct by the defendant that is intentional or reckless; 2) conduct by the defendant that is extreme and outrageous; 3) that the conduct causes emotional distress; and 4) that the emotional distress was severe. *See Tavakoli-Nouri v. State*, 130 Md. App. 716, 779 A.2d 992 (2001); *Thacker v. City of Hyattsville*, 135 Md. App. 268, 762 A.2d 172 (2000) *cert. denied* 363 Md. 206 (2001); *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 758 A.2d 95 (2000).

Plaintiffs have failed to allege that Dr. Mozayeni did anything that reached the level of "extreme and outrageous" conduct.  Additionally, the type of conduct alleged (contacting another person) is not recognizable as the type that would state a claim of this nature.  The court determines, in the first instance, if the conduct may be reasonably regarded as so extreme and outrageous as to permit recovery. *See Kentucky Fried Chicken Nat'l Mgmt Co. v. Weathersby*, 326 Md. 663, 607 A.2d 8 (1992)(finding that tort is applied sparingly and only for opprobrious behavior); *See also Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 502 A.2d 1057, *cert. denied* 306 Md. 118 (1986)(stating that initial determination of the existence of the elements is for the court).

Extreme and outrageous conduct is the type of behavior that goes beyond all bounds of decency, is atrocious, or is utterly intolerable in a civilized society. *Hrehoroich v. Harbor Hosp. Center, Inc*., 93 Md. App. 772, 614 A.2d 1021 (1992). The outrageous conduct must be done with the high degree of probability that the emotional harm will result and that there will be a causal connection between the conduct and the emotional harm. *See Reagan v. Rider*, 70 Md. App. 503, 521 A.2d 1246 (1987). The mental distress at issue must result from conduct directed at the Plaintiff. *Homer v. Long*, 90 Md. App. 1, 599 A.2d 1193, *cert. denied* 326 Md. 177 (1992).

Even if taken as true, Dr. Mozayeni's alleged actions do not reach the level of outrageous conduct. In the light most favorable to Plaintiffs, Dr. Mozayeni had conflicting information about a custody/divorce from over 12 years earlier. Plaintiff Brieanne Gunsay was no longer a minor. The only conduct alleged against Dr. Mozayeni relates to contacting Metin Gunsay. Notwithstanding the fact that in various other complaints Plaintiffs' allegations of the nature of the contact and the individual making the alleged contact vary dramatically, contacting Metin Gunsay is not conduct that that goes beyond all bounds of decency, is atrocious, and utterly intolerable in a civilized society. See *Hrehoroich* , supra.

Additionally, the alleged distress did not result from the alleged conduct. Rather, any and all alleged distress, if believed, occurred as a result of the actions of others, not Dr. Mozayeni. As set forth in the Amended Complaint, Metin and Linda Gunsay and the police authorities (whoever they may be) intervened and caused the alleged distress to Plaintiffs. It is unfathomable that any reasonable person (even assuming the allegations to be true) could foresee or intend that contact advising of Plaintiffs' location would result in a police reaction and arrest of Plaintiff Kristen Gunsay. Furthermore, even if the Court determines that there is some degree

of foreseeability that police would be contacted, the actions of the police were pursuant to a valid warrant.

### C. Count VI - Violation of Privacy

There is no claim in Maryland for "Violation of Privacy." However, Maryland law does recognize four types of invasion of privacy; 1) Intrusion upon seclusion; 2) Appropriation of name or likeness; 3) Unreasonable publicity given to private life; and 4) Placing a person in a false light. *See generally, Barnhart v. Paisano Publications, LLC*, 457 F.Supp.2d 590 (D.Md. 2006); *Bailer v. Erie Ins. Exchange*, 344 Md. 515, 687 A.2d 1374 (1997); *Hollander v. Lubow*, 277 Md. 47, 351 A.2d 421 (1976); *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 502 A.2d 1101 (1986). The Amended Complaint fails to allege any such causes of action.

The allegations in Count VI do not involve the appropriation of any likeness or the assertion of a false statement, therefore liability under theories 2) and 4), above fail. *See Lawrence v. A.S. Abell Co.*, 299 Md. 697, 475 A.2d 448 (1984)(setting out elements for "appropriation of likeness" claim); *Chinwuba v. Larsen*, 142 Md. App. 327, 790 A.2d 83 (2002) (requiring that plaintiff must be placed in "false" position for "false light" claim). Count VI does not seek to state a "publicity" claim because Plaintiffs do not claim that any information was set out to the public in general, nor is the information alleged (Plaintiffs' whereabouts) the type of information that would be highly offensive to a reasonable person. See *Furman v. Sheppard*, 130 Md. App. 67, 744 A.2d 583 (2000) (setting out elements).

Even if the Court were to consider Count VI to be an attempt to assert an "Intrusion upon seclusion" claim, it fails. Count VI, a completely new cause of action in the Amended Complaint, rests on the idea that Dr. Mozayeni committed some type of tort when he (or one of

his employees) allegedly informed a co-defendant about Plaintiffs' whereabouts on April 19, 2011.  Throughout the Second Amended Complaint Plaintiff misstates and/or misunderstands the claim.  Intrusion upon seclusion requires; 1) an intentional intrusion; 2) into a private place or affairs of another and; 3) that such an intrusion would be highly offensive to a reasonable person.  See *Bailer v. Erie Ins. Exch.*, 344 Md. 515, 687 A.2d 1375 (1997).  "An intrusion upon seclusion claim requires the matter into which **there was intrusion** is entitled to be private and is kept private by the plaintiff."  *Barnnhart v. Paisano Publications, LLC*, 457 F. Supp. 2d 590 (D.Md. 2006) (emphasis added) (citing *Hollander v. Lubow*, 277 Md. 47, 351 A.2d 421 (1976)).  Without an intrusion, there is no clam.  Count VI does not allege an unlawful intrusion.

The tort of Unreasonable Intrusion Upon Seclusion is based on the **unreasonable nature of the intrusion**, not the publication of information.  Unreasonable Intrusion Upon Seclusion, as stated in the Restatement of Torts 2d., Section 652B, requires that the intentional intrusion, physical or otherwise, upon the solitude or seclusion of another or the private affairs or concerns, is the subject of liability to the other for invasion of privacy, **if the intrusion would be highly offensive to a reasonable person**.  See *Bailer v. Erie Ins. Exchange*, 344 Md. 515, 526, 687 A.2d 1375, 1380 (1997)(emphasis added)(citing Restatement of Torts 2d.).  "**[T]he gist of the offense is the intrusion** into a private place or the invasion of private seclusion that the plaintiff has thrown about his person or affairs."  *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 163, 502 A.2d 1101, 1116 (1986)(emphasis added).  Intrusion upon seclusion consists of intrusion upon Plaintiff's physical solitude or seclusion, "as by invading his home or other quarters, or an illegal search of his shopping bag."  *Hollander v. Lubow*, 277 Md. 47, 58, 351 A.2d 421, 426 (1976)(superseded by rule regarding summary judgment only)(citing *W. Prosser, The Law of Torts*, 805 (4th ed. 1971)).

The information at issue in Count VI was not obtained by an intentional intrusion of either Plaintiff.  *See Bailer*, 344 Md. 515 (citing *Snakenburg v. Harford Casualty Ins. Co*., 299 S.C. 164, 383 S.E.2d 2 (1989) as instructive on the tort of Intrusion Upon Seclusion and dealing with secretive videotaping).  *See also, Pemberton v. Bethlehem Steel Corp*., 66 Md. App. 133, 502 A.2d 1101(1986)(concerning surveillance in public place as non-intrusion upon seclusion). The information at issue, Plaintiffs' location, was not obtained by an intrusion of any kind. Publication, even if it occurred, is irrelevant to the claim stated.

Even in the light most favorable to Plaintiff, the allegations do not demonstrate that Dr. Mozayeni "intruded" into anything.  *See Furman v. Sheppard*, 130 Md. App. 67, 744 A.2d 583 (2000). The dispute between Plaintiff's parents, and the resulting orders from different sovereigns, was a matter of public information.  The custody matters were in numerous court filings.  Plaintiff even concedes the public nature of the issues when she relates that her father established a web site for the entire world to visit.  None of these matters were private and none were uncovered by an intrusion.  In fact, the Amended Complaint states that Plaintiffs disseminated the information to Dr. Mozayeni.

Plaintiffs seeks to further confuse or misstate the issues concerning "violation of privacy" when they couch their allegations in language involving medical information.  Plaintiffs seek to cast their allegations as some sort of HIPAA violation.  There cannot be a HIPAA violation concerning Kristen Gunsay because she was not Dr. Mozayeni's patient.  By trying to phrase Count VI as a disclosure of medical information (which it is not, because location is not protected medical information), Plaintiffs seek to avoid the well-established law that states that a disclosure of HIPAA information does not give rise to a private cause of action.  *See Acara v. Banks*, 470 F.3d 569 (5th Cir. 2006)(holding that Congress did not intend for a private cause of

action under HIPAA); *Iannucci v. Mission Hosp.*, 2008 WL 5220641 (2008)(stating "There is no private cause of action under HIPAA"); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078(9th Cir. 2007)(noting HIPAA provides for no private right of action); *Agee v. United States*, 72 Fed. Cl. 284 (Fed.Ct.Claims 2006)(holding that HIPAA does not provide private right of action and citing cases)(other citations omitted).

The enactment of HIPAA supersedes Maryland state law relating to the disclosure of "medical information." *See Law v. Zuckerman*, 307 F.Supp.2d. 705 (D.Md. 2004) (finding that preemption applies to MCMRA). HIPAA and its related provisions established in the Code of Federal Regulations expressly supersedes any contrary provisions of state law except as provided in 42 U.S.C. section 1320d-7(a)(2). *Id*. Because Maryland law, relating to the disclosure of information which is covered by HIPAA, is superseded by HIPAA, and HIPAA does not provide for a private right of action, Plaintiffs' claim of "violation of privacy," its falsity notwithstanding, fails to state a claim for which relief can be granted.

IV.  Statute of Limitations

The applicable statute of limitations for the claims alleged against Dr. Mozayeni is set out in Maryland Annotated Code, Courts and Judicial Proceedings, Section 5-101. "A civil action shall be filed within three years of the date it accrues…." *Id*. In tort actions, the general rule is that a cause of action accrues, for limitations purposes, at the time of the wrong. *See generally, Benjamin v. Union Carbide Corp.*, 162 Md. App. 173, 873 A.2d 463 (2005). In this matter, the alleged acts by Dr. Mozayeni occurred more than three years before the filing of the original complaint (April 21, 2014).

As discussed in prior sections of this memorandum, the allegations against Dr. Mozayeni relate to the unsupported and fictitious speculation that Dr. Mozayeni disseminated information concerning Plaintiffs to Metin Gunsay.  These allegations are akin to defamation.  Maryland law holds that a claim for defamation accrues upon the publication.  *See Johnson v. MV Transp., Inc*, 716 F.Supp2d 410 (2010).  Furthermore, the determination of when the publication occurs is a judicial determination.  *See King v. Marriot Intern*., 195 F.Supp.2d 720 (2002); The alleged dissemination/publication, according to the Amended Complaint had to take place before April 19, 2011.  If, as alleged, the wrong took place before April 19, 2011, the original complaint would have to be filed **within** three years of that date prior to April 19, 2011.  Even assuming the facts in the most favorable light to Plaintiffs, if the wrong took place on April 18, 2001, the statute of limitations would run from that date, requiring filing by Friday, April 18, 2014.

Even in the light most favorable to Plaintiffs, the statute of limitations bars their claims.

V.  Conclusion

This latest attempt to impose liability upon Dr. Mozayeni for the unsupported and false assumptions and speculation by the Plaintiffs fails, as the other attempts have.  The claims against Dr. Mozayeni are not within the jurisdiction of this Court, each fails to state a claim for which relief can be granted, and the claims are barred by the statute of limitations. The Amended Complaint, on its face fails to set out necessary elements of each claim, and the conclusions that are pled, are not facts, as required to survive a motion to dismiss.  Plaintiffs seek to avoid prior rulings by courts of competent jurisdiction and rely on naked assertions, speculation and legal conclusions.  Even from those items pled, a reasonable court could do no more than infer the "the mere possibility of misconduct", and the Amended Complaint may have alleged, but has not

shown that the pleader is entitled to relief  Therefore, this motion should be granted and the Amended Complaint dismissed.  *See Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.  *See also* Fed. Rule Civ. Proc. 8(a)(2).

> Respectfully submitted,
>
> FELSEN & SARGENT, LLC
>
> \_\_\_\_\_/s/_____
> David Felsen
> Attorney for Defendant, Mozayeni
> 600 Jefferson Plaza, Suite 201
> Rockville, Maryland 20852
> dfelsen@mdlawyers.com
> (301) 251-4010

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _12_ day of September, 2014, a copy of the foregoing was sent via the court's CM?ECF system to all counsel of record and persons entitled to receive notice.

> \_\_\_\_/s/_____
> David Felsen, Esq.