IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIEANNA GUNSAY, ET AL.   *
             *
             *
   v.         *    Civil No. JFM-14-1347
             *
B. ROBERT MOZAYENI, M.D., ET AL. *
           ******

## MEMORANDUM

Brieanna Gunsay and Kristen Gunsay have instituted this action against B. Robert Mozayeni, Troy Plummer, Greg Henderson, Kevin Stultz, Montgomery County, Maryland, Metin Gunsay, and Melinda Lee Williams.[1]  Defendants, other than Plummer, have filed motions to dismiss.[2]  The motions to dismiss all claims are granted, with the exception of Brieanna Gunsay's claims against Henderson and Stultz in their individual capacity under 42 U.S.C. Section 1983.  The motions to dismiss those claims are denied.

I.

A.

Kristen Gunsay and one of the defendants, Metin Gunsay, were divorced many years ago. The divorce was bitter and resulted in litigation in many jurisdictions.  Brieanna Gunsay is the

---

[1] In the original complaint plaintiffs named several other defendants but these defendants have been dropped in the amended complaint that plaintiffs have filed.  Williams has changed her last name to Moyer, but will be referred to as Williams in this Memorandum.

[2] It is not clear why Plummer has not moved to dismiss.  Presumably, he has not yet been served. In any event, Plummer (like Henderson and Stultz) is a deputy sheriff, and the same rulings as I am making to the claims against Henderson and Stultz apply to him.

child of Kristen and Metin Gunsay.  Brieanna is no longer a minor, but much of the litigation has concerned battles over her custody.

The event that gives rise to this lawsuit occurred on April 19, 2011, in the parking lot of the office of defendant Mozayeni.  Mozayeni is a medical doctor, and he was treating Brieanna for a medical condition.  According to plaintiffs, Mozayeni and his assistant, Tony, had contacted Metin Gunsay and informed him of a scheduled appointment with Brieanna.  Gunsay, in turn, contacted law enforcement officials.

There were outstanding arrest warrants for Kristen Gunsay from state and federal courts in Utah.  On the day in question, various employees of the Montgomery County Sheriff's Department, including defendants Henderson and Stultz, drove to the parking lot outside defendant Mozayeni's office, approached plaintiffs with guns pointed at their heads, and arrested Kristen Gunsay on the outstanding warrants.  According to plaintiffs, the officers then grabbed Brieanna, yanked her by the arms, pushed and man-handled her, physically encircled her, and held her against the car so that Metin Gunsay and his mother, Melinda Williams, could speak with her.  Again, according to plaintiffs, Kristen Gunsay and Brieanna Gunsay suffered emotional pain and suffering as a result of the actions taken against them.[3]

B.

The warrant upon which Kristen Gunsay was arrested mistakenly stated that it emanated from the Central District of Utah.  In fact, there is only one federal district in Utah although there are several divisions (including a Central Division) in that district.

---

[3] Defendants have used a limitations defense. Although the action was instituted several days after the three years after the incident giving rise to plaintiffs' claims, the limitations defense fails because the last day of the limitations period fell on a weekend.  *See* Maryland Rule 1-203(a).

Plaintiffs filed a suit in the Circuit Court for Montgomery County, asserting virtually identical claims as the ones asserted in this action.  Upon motion of Mozayeni, the Circuit Court dismissed the claims against him and ordered that the claims be referred to arbitration.  Plaintiffs voluntarily dismissed portions of the complaint against Williams and Gunsay and the Circuit Court dismissed the remaining claims.  The court's dismissal order was appealed to the Maryland Court of Special Appeals and a motion to dismiss the appeal was granted.  Plaintiffs voluntarily dismissed their state court claims against the sheriff deputy defendants.

II.

Kristen Gunsay has no viable claims against deputies Henderson and Stultz.  For Kristen Gunsay's claim under 42 U.S.C. Section 1983, both deputy sheriffs argue that in executing the arrest warrants, they are shielded by absolute quasi-judicial immunity, or in the alternative, qualified immunity.  At the least, they are entitled to qualified immunity.[4] *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Parrish Ex. Rel. Lee v. Cleveland*, 372 F.3d 294, 301–02 (4th Cir. 2004).  The arrest warrants for Kristen Gunsay had been issued and were in effect.

---

[4] Henderson and Stultz argue that in executing an arrest warrant, they are "intrinsically related to judicial proceedings" and thus "entitled to 'absolute-quasi-judicial immunity.'" (ECF No. 14-1 at 10).  It is true that courts have held that sheriffs and other court officers who execute court orders are entitled to immunity.  *See Fowler v. Alexander*, 478 F.2d 694, 695–96 (4th Cir. 1973) (finding sheriff and jailer who executed order of court absolutely immune); *Valdez v. City & Cnty of Denver*, 878 F.2d 1285, 1287–88 (10th Cir. 1989) (collecting cases holding same).  However, it is also true that when a law enforcement officer "acts pursuant to a warrant, he is entitled to qualified immunity if he could have reasonably believed that probable cause existed to support the application." *Porterfield v. Lott,* 156 F.3d 563, 570 (4th Cir. 1998) (internal citation omitted).  It is not certain if deputy sheriffs executing a warrant for an arrest from another jurisdiction are acting as an arm of the court, and thus are entitled to absolute immunity, or as a law enforcement officer that is only entitled to qualified immunity.  Because the claim is dismissed even if the officers only have qualified immunity, the court need not reach this question.

When a law enforcement official "acts pursuant to a warrant, he is entitled to qualified immunity if he could have reasonably believed that probable cause existed to support the application." *Porterfield v. Lott,* 156 F.3d 563, 570 (4th Cir. 1998) (internal citation omitted).  Kristen Gunsay's contention that the federal warrant was "bogus" because it indicated that it had been issued by the Central District of Utah rather than the Central Division of the District of Utah, is frivolous.  Perhaps that mistake should have been identified, but, if so, it should have been identified by the personnel in the court in which the warrant was issued.  Self-evidently, it is not incumbent upon law enforcement officers to research the question of whether such a mistake had been made.  Unquestionably, the warrant had been issued by a magistrate judge in the District of Utah.  Kristen Gunsay does not contend to the contrary.

As to Brieanna Gunsay's claim under 42 U.S.C. Section 1983, I find that the allegations against Hernandez and Stultz in their individual capacities are sufficient to state a claim.  From the facts alleged, there was no justification for Henderson and Stultz to point weapons at Brieanna Gunsay or to detain her until she had spoken to Metin Gunsay and Williams.  With respect to plaintiffs' claims against Mozayeni, they are barred by the doctrine of collateral estoppel.  The same claims were pursued in Montgomery County Circuit Court and dismissed for lack of subject matter jurisdiction, because, pursuant to state law, mandatory arbitration was required.  I find that this finding—requiring mandatory arbitration—bars subsequent litigation in this court.[5]

---

[5] Collateral estoppel¸ or issue preclusion, is applicable when there is a second action, between two parties, and "the judgment in the prior suit precludes the relitigation of issues actually litigated and necessary to the outcome of the first action." *John Crane, Inc. v. Puller*, 899 A.2d 879, 892 (Md. 2006) (quoting *Parkland Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)).  It is disputed if a dismissal for want of jurisdiction is considered "actually litigated" for the purpose of issue preclusion.  Courts have held that jurisdictional issues can be relitigated, *see Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1181 (4th Cir.1989) (stating that "[d]ismissals for want of

As to plaintiffs' claim under 42 U.S.C. Section 1985, the only federal claim against

Gunsay, the plaintiffs have not alleged that the actions taken against them were "motivated by a

specific class-based, invidiously discriminatory animus."  *A Society Without A Name v. Virginia*,

655 F.3d 342, 346 (4th Cir. 2011).  Their claim therefore fails.  *See id.; see also Lee v. Queen*

*Anne's Cnty. Office of Sheriff*, No. 13-672, 2014 WL 476233, at *11 (D. Md. Feb. 5, 2014).[6]

Because Kristen Gunsay has not alleged any viable claim against defendants Henderson

and Stultz, her claim against Montgomery County as the purported employer of the deputies

fails.  Moreover, it is well-established that in cases such as this, involving the performance of

law enforcement duties, a county is not the employer of persons employed in sheriff's offices.

Rather, employees of such offices are employees of the State, not a county.  *See Babre v. Pope*,

935 A.2d 699, 709 (Md. 2007) (citing Maryland Tort Claims Act, Md. Code Ann., State Gov't §

12-101 (a)(6) (West)); *Young v. City of Mt. Rainer*, 238 F.3d 567, 578 n.8 (4th Cir. 2001) (same);

*Kronk v. Carroll County*, No. L-11-0277, 2012 WL 245059, at*6 (D. Md. Jan. 25, 2012)

---

jurisdiction are paradigms of non-merits adjudication") (internal citation omitted); *see Doyle v. Robinson*, 19 F.3d 10 (4th Cir. 1994) (table of unreported decisions) (holding that because the "state court action was dismissed for lack of subject matter jurisdiction . . . the dismissal did not serve as a bar to raising the claims in subsequent actions"); and to the contrary, that they are barred in a subsequent litigation. *See Barna Conshipping, S.L. v. 2,000 Metric Tons, More or Less, of Abandoned Steel,* 410 F. App'x 716, 720 (4th Cir. 2011) (finding that "collateral estoppel may be applied to bar relitigation of issues of fact or of law . . . including questions of subject-matter jurisdiction") (internal citations and quotations omitted); *City Capital Res., Inc. v. White*, 29 F. Supp. 2d 334, 335–36 (S.D.W. Va. 1998) (describing instances where a jurisdictional finding is given preclusive effect).

I find that in this circumstance, given that the dismissal for lack of jurisdiction was based on a specific statutory framework, the principles of preclusion doctrine (to avoid relitigation of the same issues and claims in multiple forums) are best served by declining to hear this claim. *See Dalenko v. Stephens*, 917 F. Supp. 2d 535, 544 (E.D.N.C. 2013) ("[C]ollateral estoppel precludes a plaintiff from relitigating the same jurisdictional question after the first suit was dismissed for lack of federal jurisdiction—even though dismissal did not adjudicate the merits of the case.") (internal citations and quotations omitted).

[6] The 42 U.S.C. Section 1985 claim is also the only remaining federal claim against Williams and Mozayeni.  These claims are dismissed in this opinion on preclusion grounds, but could also be dismissed because, as with the claim against Gunsay, plaintiffs have not established animus.

("Maryland courts, however, have regularly held that county sheriffs and their deputies are State

agents for the purposes of tort liability.") (internal citation omitted).  That rule makes Brieanna's

claim against Montgomery County fail.

III.

Plaintiffs claim that subject matter jurisdiction exists in this court only because of the

federal claims they have asserted.  For the reasons stated, Kristen Gunsay has no viable federal

claim against any of the defendants.  Therefore, this court does not have subject matter

jurisdiction over any of the state law claims asserted by her against any of the defendants.

Furthermore, the claims against defendant Williams are barred by the doctrine of res judicata

because they have been litigated in the Circuit Court for Montgomery County.[7]  Under these

circumstances I decline to impose supplemental jurisdiction over any of the state law claims,

except state law claims against Henderson and Stultz.  The motions to dismiss those claims filed

by Henderson and Stultz are denied without prejudice to the same arguments being renewed by

way of a motion for summary judgment.  Ruling upon the motions now would be imprudent in

light of the fact that discovery has not started.

A separate order granting in full the motions to dismiss filed by Mozayeni, Montgomery

County, Gunsay and Williams, granting Henderson and Stultz's motion to dismiss with respect

to Kristen, and denying Henderson and Stultz's motion dismiss to dismiss Brieanna's claims is

being entered herewith.

---

[7] Plaintiffs filed a similar suit in Montgomery County Circuit Court against Williams for the same conduct.  The suit was dismissed and an appeal was denied.  Res judicata bars the relitigation of the same and related claims in this court. *See Boyd v. Bowen*, 806 A.2d 314, 325–26 (Md. 2002).

Date:        01/13/2015              _____/s/_____
                                     J. Frederick Motz
                                     United States District Judge