UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

June 19, 2015

MEMO TO COUNSEL RE:  Brieanna Gunsay, et al. v. B. Robert Mozayeni, M.D., et al.
Civil No. JFM-14-1347

Dear Counsel:

     I have reviewed the memoranda submitted in connection with plaintiffs' motion to alter or amend the judgment issued on January 13, 2015.  The motion (document 41) is denied.  In this letter I will also address certain issues not raised by the motion.

1.  I am satisfied that my collateral estoppel ruling was entirely correct.  The Circuit Court did make a critical factual finding (the fact was undisputed): that plaintiffs did not file a claim with the Health Care Alternative Dispute Resolution Office.  That finding led to the court's order dismissing plaintiffs' claims against Dr. Mozayeni.  In my view, that order was "a judgment" for collateral estoppel purposes.  *Cf. Bryan v. State Farm Mutual Automobile Ins. Co.*, 205 Md. App. 587, 593–602 (2012); *Mathias v. Goldberg*, No. 12-1777 DKC, 2013 WL 524708 at *6 (D. Md. Feb. 12, 2013).  To hold otherwise would be to undermine the doctrine of comity upon which a workable relationship between the state and federal courts depends.

     I also note that Md. Courts & Judicial Proceedings Code Ann. § § 3-2A-06A and 3-2A-06B does not, as plaintiffs argue, support the proposition that Maryland law requiring mandatory arbitration does not foreclose subsequent litigation in another court.  These sections simply govern the appropriate procedure for waiving mandatory Health Care Alternative Dispute Resolution.[1]

2.  Plaintiff Kristen Gunsay is correct in arguing that her claims against Williams and Metin Gunsay are not barred by the doctrine of res judicata because she was not a party to the claims asserted by Brieanna Gunsay in the prior action against these defendants.

3.  As to the exercise of this court's supplemental jurisdiction under 28 U.S.C. § 1367, I decline to exercise supplemental jurisdiction over the state claims asserted against Metin Gunsay and Williams because (1) the claims raise novel or complex issues of Maryland law, and (2) exceptional circumstances exist for declining the exercise of jurisdiction.  It is not at all clear that the defendants invaded plaintiffs' privacy in any way or that, in allegedly orchestrating the arrest

---

[1] Plaintiffs did eventually follow the procedure for waiving mandatory health care arbitration and were issued an order of transfer in October 2014, six months after this case was filed.  (ECF No. 41-1).  Plaintiffs did not follow the appropriate procedure and file a complaint (or any notification to this court) within sixty days of receipt of this order of transfer.

of Kristen Gunsay and the detention of Brieanna Gunsay, they intentionally inflicted emotional distress on the plaintiffs. Moreover, exceptional circumstances exist for not exercising supplemental jurisdiction because although there clearly is a federal interest in preventing any abuse of official authority by state or local officers, any claim against Mr. Gunsay or Williams arise from a domestic dispute over which federal courts have traditionally declined (when possible) to exercise jurisdiction. Accordingly, my prior ruling that the claims against Metin Gunsay and Williams are dismissed still stands, based on this alternative reasoning.[2]

4. I erred in my original opinion in stating that Troy Plummer had not entered an appearance.[3] To the extent that Brieanna Gunsay asserts any claims against Mr. Plummer under 42 U.S.C. § 1983, the claim is not viable because he was acting in his capacity as a federal officer. However, the standards for liability under § 1983 and *Bivens v. Six Unknown Named Agents* are essentially the same. Therefore, to the extent that Plummer was acting in his capacity as a federal officer, he is potentially liable for any wrongful actions he took. Moreover, the scope of discovery would not be broadened in any respect by consideration of any state claims asserted against him. Therefore, my ruling against Plummer should parallel my rulings against defendants Henderson and Stultz. Of course, Plummer (as well as Henderson and Stultz) may renew any arguments that he has by virtue of motion for summary judgment at the close of discovery.

      A scheduling conference will be held by telephone on July 1, 2015 at 4:30 pm. I ask counsel for plaintiff to make the arrangements for the conference call.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                        Very truly yours,

                                        /s/

                                        J. Frederick Motz
                                        United States District Judge

---

[2] Additionally, even assuming *arguendo* that the claims against Moyazeni were not barred by collateral estoppel, I would also decline to exercise supplemental jurisdiction over them for the reasons provided here.

[3] My reason for missing the entry of his appearance is that he was characterized by defendants as a "federal defendant" and the motion to dismiss filed by the federal defendants was not opposed by plaintiffs.