**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **BRIEANNA KRISTEN GUNSAY,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil No. JFM-14-1347** |
| **SGT. TROY PLUMMER,** *et al.* | : | |
| **Defendants.** | : | |

...o0o...

## MEMORANDUM OF LAW IN SUPPORT OF
## SGT. TROY PLUMMER'S MOTION FOR SUMMARY JUDGMENT

Defendant Sgt. Troy Plummer, by the undersigned counsel, respectfully submits this Memorandum of Law in Support of his Motion for Summary Judgment.

## I.  INTRODUCTION

Kristen Gunsay and Brieanna Gunsay, mother and daughter, respectively, brought this action alleging various tort and constitutional claims against a host of Defendants arising from the lawful arrest of Kristen Gunsay and alleged mistreatment of Brieanna Gunsay by law enforcement officers on April 19, 2011.  The only remaining claims in this case are those of Brieanna Gunsay alleging excessive force and unlawful detention against Sgt. Troy Plummer[1] under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and against Lt. Gregory Henderson and Sgt. Kevin Stultz of the Montgomery County Sheriff's Office under 42 U.S.C. § 1983.  *See* Paper Nos. 39 (Memorandum), 40 (Order), and 46 (Memo to Counsel).

---

[1] At all times relevant to the events of this action, Sgt. Plummer was acting in his capacity as a Special Deputy United States Marshal ("SpDUSM") with the United States Marshals Service ("USMS").  Sgt. Plummer is employed by the Montgomery County Sheriff's Office.

As discussed in detail below, the undisputed evidence shows that Sgt. Plummer did not violate the constitutional rights of Plaintiff Brieanna Gunsay[2] during the alleged events at issue. Indeed, Plaintiff has failed to raise a genuine issue of material fact to the contrary. Accordingly, summary judgment should be entered in favor of Sgt. Plummer and the case against him should be dismissed with prejudice.

## II.  BACKGROUND

### A.    Factual Background

The following factual discussion will address Plaintiff's allegations and undisputed facts pertaining to Sgt. Plummer, and will focus primarily on the time period prior to and during which Sgt. Plummer was on the scene of the alleged events at issue.

On April 11, 2011, the Montgomery County Sheriff's Office received a telephone call from Metin Gunsay, the ex-husband of Kristen Gunsay and father of Brieanna Gunsay, advising that Kristen Gunsay – who had "active warrants" – would be at 6000 Executive Boulevard in North Bethesda, Maryland, on April 19, 2011 at 4:00 p.m. for a medical appointment. Paper No. 8-3 (USMS Report of Investigation) at 2.  The address was the office building of B. Robert Mozayeni, M.D., a doctor who was treating Brieanna Gunsay at the time.  *See* Exhibit No. 1 (Dep. Tr. of Brieanna Gunsay (Sept. 22, 2015)) at 19:15-20:8.

As of April 19, 2011, Kristen Gunsay was wanted on two Utah arrest warrants: (1) a federal warrant for unlawful flight to avoid prosecution under 18 U.S.C. § 1073; and (2) a state warrant for custodial interference and perjury.  *See* Paper No. 8-4 (Warrant for Arrest, Case No. A-00-82M, United States District Court for the District of Utah, Central Division (Feb. 15, 2000)); Paper No. 8-5 (Warrant of Arrest, Case No. 991404457, Fourth Judicial District Court of

---

[2] Consistent with this Court's rulings to date, and for purposes of this brief, reference to "Plaintiff" will mean Brieanna Gunsay unless otherwise noted.

Utah County, State of Utah (Nov. 4, 1999)).  Law enforcement initiated a check of the National

Crime Information Center ("NCIC"), which indicated that Kristen Gunsay was wanted on the

warrants.  *See* Paper No. 8-3 (USMS Report of Investigation) at 2.  The charges in the warrants

arose from the custody dispute of Brieanna Gunsay between Kristen Gunsay and Metin Gunsay.

On April 19, 2011, at approximately 3:30 p.m., members of the USMS Capital Area

Regional Fugitive Task Force ("CARFTF"), including Sgt. Plummer, and the Montgomery

County Sheriff's Office Fugitive Unit set up surveillance at 6000 Executive Boulevard.  *See id.*;

Exhibit No. 2 (Dep. Tr. of Sgt. Troy D. Plummer (Oct. 28, 2015)) at 20:15-21:16.  The CARFTF

members had obtained photographs of Kristen Gunsay and were advised that she would be

traveling with her daughter in a truck with an out-of-state tag.  *See id.* at 21:9-14, 24:5-25:11,

26:6-13.

Kristen Gunsay was driving the sport utility vehicle and Plaintiff was a passenger in the

rear middle seat.  *See* Exhibit No. 1 (Dep. Tr. of Brieanna Gunsay (Sept. 22, 2015)) at 20:9-17.

Kristen Gunsay parked their vehicle in the parking lot of the office building and shortly

thereafter, Plaintiff testified, "[m]en jump out of a vehicle, other vehicles parked around us with

their guns drawn come up and point them at me and my mother."  *See id.* at 23:20-24:3.  The

officers ordered Kristen Gunsay to turn off the vehicle and exit, and they physically removed her

from the vehicle.  *See id.* at 31:2-4.  Plaintiff then exited the vehicle on her own "[a] few

seconds" later by opening the door and stepping out of the vehicle by herself under her own

power.  *Id.* at 37:16-39:16.  Plaintiff was not physically removed from the vehicle.  *See id.* at

40:12-17.  Plaintiff further testified that two Caucasian officers pointed guns at her while she was

in the vehicle and then "[f]or a short period of time," between 30 seconds and less than one

minute, after she exited the vehicle; no guns were pointed in her direction at any other time on the scene that day.  *Id.* at 110:20-112:17.

Sgt. Plummer is African-American.  *See* Exhibit No. 2 (Dep. Tr. of Sgt. Troy D. Plummer (Oct. 28, 2015)) at 59:12-14.  Plaintiff identified four vehicles that she believed were associated with this event: a black or dark-colored SUV, two dark-colored compact cars and an "iridescent purple minivan."  Exhibit No. 1 (Dep. Tr. of Brieanna Gunsay (Sept. 22, 2015)) at 104:9-20, 106:5-11.  Sgt. Plummer had been driving his vehicle, "a 2009 light gray Dodge Charger," approximately 50-60 feet behind the Gunsay vehicle in the parking lot and by the time Kristen Gunsay parked their vehicle, Sgt. Plummer was still about 50 feet behind.  Exhibit No. 2 (Dep. Tr. of Sgt. Troy D. Plummer (Oct. 28, 2015)) at 61:17-19, 30:15-16, 33:16-19.  Sgt. Plummer then parked his vehicle about "six or seven parking spots away from the whole scene," and walked directly to the Gunsay vehicle.  *Id.* at 34:8-9, 52:17-18.  By the time Sgt. Plummer arrived there, Plaintiff and her mother already had exited and were standing outside their vehicle. *See id.* at 33:20-22, 34:16-35:13, 45:14-15.  Sgt. Plummer did not draw his weapon at any point and he did not see any other officers draw their weapons on the scene.  *See id.* at 48:13-18.

Sgt. Plummer was the lead investigator and had applied for the arrest warrant of Kristen Gunsay – and thus it was his responsibility "to handcuff her and take her to Central Processing." *See id.* at 54:7-9; Exhibit No. 3 (application for arrest warrant) (highlighting on exhibit supplied). Sgt. Plummer identified himself to Kristen Gunsay, who at that time was standing to the rear of her vehicle, handcuffed her and explained to her the active warrants and that he would be taking her to the Central Processing Unit ("CPU") in Montgomery County.  *See* Exhibit No. 2 (Dep. Tr. of Sgt. Troy D. Plummer (Oct. 28, 2015)) at 43:22-44:9, 58:4-15.  Plaintiff was standing outside her vehicle while her mother was being handcuffed.  *See* Exhibit No. 1 (Dep. Tr. of Brieanna

Gunsay (Sept. 22, 2015)) at 42:18-43:8.  Sgt. Plummer brought Kristen Gunsay to his vehicle approximately 20-25 feet away; placed her inside; again "explained and showed the warrants to her;" completed some paperwork; drove her from the scene to CPU, where he dropped her off and completed additional paperwork; and went back to the office.  Exhibit No. 2 (Dep. Tr. of Sgt. Troy D. Plummer (Oct. 28, 2015)) at 61:10-62:21, 73:14-74:2; Exhibit No. 4 (CPU Criminal Warrant) (highlighting on exhibit supplied).  Sgt. Plummer did not return to the scene.

Plaintiff and her mother were at the scene together only for "about five minutes," and after which time Plaintiff was there by herself without her mother.  Exhibit No. 1 (Dep. Tr. of Brieanna Gunsay (Sept. 22, 2015)) at 120:21-121:8.  After Kristen Gunsay was handcuffed and taken from the scene, Plaintiff testified that various officers grabbed her and moved her "to be situated, trapped against the car and in between the men" – and the only physical description Plaintiff gave of these officers was that "[t]hey were white."  *Id.* at 45:19-21, 44:1-4.  Plaintiff asserts that she was surrounded by unidentified officers and that her mother "was gone at that point."  *Id.* at 48:14-15.  Likewise, Plaintiff first learned that her father and grandmother Linda Williams were at the scene, inside a vehicle, after her mother had been taken away from the scene.  *See id.* at 122:4-123:4.  Consistently, Sgt. Plummer did not see Mr. Gunsay or Ms. Williams exit the vehicle before he left the scene.  *See* Exhibit No. 2 (Dep. Tr. of Sgt. Troy D. Plummer (Oct. 28, 2015)) at 75:9-76:3.

**B.    Procedural Background**

On April 21, 2014, Kristen Gunsay and Brieanna Gunsay filed a complaint in this Court under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 ("FTCA"); the United States Constitution; the Maryland Declaration of Rights; and Maryland tort law.  *See* Paper No. 1.  All of the Defendants filed dispositive motions, including Sgt. Plummer, who filed

a Motion to Dismiss or, in the Alternative, for Summary Judgment on August 1, 2014.  *See* Paper

No. 8.  On August 11, 2014, Kristen Gunsay and Brieanna Gunsay filed an amended complaint.

*See* Paper No. 11.

After considering the briefs on file,[3] the Court dismissed all claims brought by Kristen

Gunsay and all claims brought by Brieanna Gunsay except those against Sgt. Plummer, Lt.

Henderson and Sgt. Stultz in their individual capacities under *Bivens* and 42 U.S.C. § 1983,

respectively (Count I).  *See* Paper Nos. 39 (Memorandum), 40 (Order), and 46 (Memo to

Counsel).  Thereafter, the remaining parties conducted discovery.  Sgt. Plummer now files this

post-discovery Motion for Summary Judgment.

### III.   LEGAL STANDARD – SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Supreme Court has made clear that,

"[b]y its very terms, this standard provides that the mere existence of some alleged factual

dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  Entry of summary

judgment is appropriate "against any party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial."  *Celotex Corp. v. Catrett* , 477 U.S. 317, 322 (1986).  "One of the

principle purposes of the summary judgment rule is to isolate and dispose of factually

unsupported claims or defenses," and the Supreme Court has instructed that Rule 56 "should be

interpreted in a way that allows it to accomplish this purpose."  *Id.* at 323-24.

---

[3] Kristen Gunsay and Brieanna Gunsay never responded to Sgt. Plummer's dispositive motion.

## IV.  ARGUMENT

**Sgt. Plummer Did Not Violate Plaintiff's Constitutional Rights and She Has Failed to Raise a Genuine Issue of Material Fact to the Contrary.**

It is well established that in an individual capacity suit, "a plaintiff must show that the official charged personally caused the deprivation of his federal rights."  *Roberts v. Prince George's County, MD*, 157 F. Supp. 2d 607, 609 (D. Md. 2001) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977)).  In this *Bivens* action against Sgt. Plummer, Plaintiff has failed to make this requisite showing.  Indeed, the uncontroverted evidence shows that Sgt. Plummer did not violate Plaintiff's constitutional rights and Plaintiff has failed to raise a genuine issue of material fact to the contrary.

Sgt. Plummer testified under oath that he did not have any interaction at all, including discussion or conversation, with Plaintiff.  *See* Exhibit No. 2 (Dep. Tr. of Sgt. Troy D. Plummer (Oct. 28, 2015)) at 74:20-75:8, 78:16-17.  Even after the opportunity for discovery, Plaintiff has failed to offer any evidence to dispute this testimony.  In fact, Plaintiff herself testified that she has no idea what – if any – involvement or interaction she had with Sgt. Plummer at the scene.  *See* Exhibit No. 1 (Dep. Tr. of Brieanna Gunsay (Sept. 22, 2015)) at 16:13-16.  Sgt. Plummer's role at the scene was limited to his arrest and handcuffing of Kristen Gunsay, and his transport of her to CPU.  *See* Exhibit No. 2 (Dep. Tr. of Sgt. Troy D. Plummer (Oct. 28, 2015)) at 43:22-44:9, 58:4-15; Exhibit No. 4 (CPU Criminal Warrant).  According to Plaintiff, she "was standing" outside her vehicle while her mother was being handcuffed.  Exhibit No. 1 (Dep. Tr. of Brieanna Gunsay (Sept. 22, 2015)) at 42:18-43:8.

The evidence makes clear that Sgt. Plummer is entitled to summary judgment, even viewing the facts in the light most favorable to Plaintiff.  As discussed above, Plaintiff testified that the two officers who allegedly pointed guns at her while she was in the vehicle and then

"[f]or a short period of time" after she exited the vehicle both were "white" – and that this was the only period of time that guns were pointed in her direction at the scene.  *Id.* at 110:20-112:17. By contrast, Sgt. Plummer is African-American, and he did not draw his weapon at the scene. *See* Exhibit No. 2 (Dep. Tr. of Sgt. Troy D. Plummer (Oct. 28, 2015)) at 59:12-14, 48:13-18. Plaintiff has failed to generate a genuine issue of material fact on these points.

Also as discussed above, Plaintiff testified that she believes the officers involved in the events at issue came from four vehicles: a black or dark-colored SUV, two dark-colored compact cars and an "iridescent purple minivan."  Exhibit No. 1 (Dep. Tr. of Brieanna Gunsay (Sept. 22, 2015)) at 104:9-20, 106:5-11.   By contrast, Sgt. Plummer drove "a 2009 light gray Dodge Charger" that day, and Plaintiff and her mother were outside their vehicle before Sgt. Plummer exited his vehicle.  Exhibit No. 2 (Dep. Tr. of Sgt. Troy D. Plummer (Oct. 28, 2015)) at 61:17-19, 33:20-22, 34:16-35:13, 45:14-15.   Once again, Plaintiff has failed to offer any evidence to challenge Sgt. Plummer's testimony.

Plaintiff has failed to provide any evidence showing that Sgt. Plummer violated her constitutional rights, and this failure is fatal to her *Bivens* claim against him.  Accordingly, Sgt. Plummer is entitled to summary judgment and the case against him should be dismissed with prejudice.  *See Roberts*, 157 F. Supp. 2d at 609 (granting summary judgment where, "[a]fter a full opportunity for discovery, Plaintiff still cannot identify who allegedly knocked him down" and therefore "[a]t this stage in the litigation, the evidence is insufficient to support Plaintiff's § 1983 individual capacity claims against these Defendants"); *De Ventura v. Keith*, 169 F. Supp. 2d 390, 394-95 (D. Md. 2001) (granting summary judgment "[s]ince it has been established [defendant officer] was not directly involved or supervising the events which [plaintiff] asserts violated her civil rights"); *Vinnedge*, 550 F.2d at 928 (affirming dismissal of § 1983 claim where

plaintiff "failed to allege any personal connection between [defendant] and any denial of [plaintiff's] constitutional rights").

## V.  CONCLUSION

For the foregoing reasons, Sgt. Plummer respectfully requests that the Court grant summary judgment in his favor and dismiss the case against him with prejudice.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

_____/s/_____
Alex S. Gordon
Assistant United States Attorney
Federal Bar No. 27468
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770
ph (301) 344-4433
fx (301) 344-4516
Alex.Gordon@usdoj.gov
*Counsel for Defendant Sgt. Troy Plummer*

Of Counsel:
Kevin A. Forder
U.S. Marshals Service HQ
OGC, CS-4, 10th Floor
2604 Jefferson Davis Highway
Alexandria, VA  22301